**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH R. MURPHY,  :
 : Civil Action No. 06-2220(PGS)
            Plaintiff,  :
 :
       v.  : **OPINION**
 :
JOSETTE R. MURPHY-PRUNTY,  :
 :
            Defendant.  :

**APPEARANCES:**

    JOSEPH R. MURPHY, Plaintiff pro se
    #479564/198021C
    East Jersey State Prison
    B-Wing
    Lock Bag R
    Rahway, New Jersey 07065

**SHERIDAN**, District Judge

Plaintiff Joseph R. Murphy ("Murphy"), a state inmate currently confined at the East Jersey State Prison in Rahway, New Jersey, seeks to bring this action in federal court in forma pauperis, alleging a simple breach of agreement claim against his sister. Murphy submitted an application to proceed in forma pauperis with his Complaint. He later submitted his prison account statement, as required under 28 U.S.C. § 1915(a), (b). Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Murphy's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether the Complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). For the reasons stated below, the Court finds that the Complaint should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

The following factual allegations are taken from Murphy's Complaint, and are accepted as true for purposes of this review.

Murphy brings this action against his sister, Josette R. Murphy-Prunty, who resides in Newark, New Jersey. He claims that after their mother died, Murphy's sister received a statement in the mail, in or about July 2002, regarding the proceeds of their mother's insurance and pension. Plaintiff was to receive $28,375.50 and his sister, the defendant, was to receive $52,450. Plaintiff and defendant verbally agreed to have defendant hold all monies in a bank account to accrue interest. After plaintiff was incarcerated, he asked defendant to release some of his money to him for legal expenses. Defendant has refused to give him any money. (Complaint, ¶ 6). Plaintiff now seeks judgment against his sister for all monies allegedly owed to him, with interest from 2002. (Compl., ¶ 7).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

3

former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

### III. <u>ANALYSIS</u>

It is apparent from the face of the Complaint that there is no basis for subject matter jurisdiction. Plaintiff asserts a

simple breach of agreement claim against his sister to recover monies owed to him. Jurisdiction under 28 U.S.C. § 1332 is lacking because there is no diversity of citizenship between the parties. As asserted in the Complaint, both plaintiff and defendant reside in New Jersey.

Further, plaintiff's claim is not cognizable under any other federal statute to support federal question jurisdiction under 28 U.S.C. § 1331. The Complaint was filed using a form civil rights complaint, which generally asserts jurisdiction under 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the allegations of the Complaint fail to satisfy either requirement to state a cognizable § 1983 claim. First,

plaintiff does not assert a violation of federal statutory or constitutional law.  Second, the named defendant, his sister, is not a person acting under color of state law.  Therefore, the Complaint fails to state a cognizable claim under § 1983.

### IV.  CONCLUSION

For all of the reasons set forth above, the Complaint must be dismissed for lack of subject matter jurisdiction.  An appropriate Order follows.

s/Peter G. Sheridan

PETER G. SHERIDAN
United States District Judge

Dated: 8/17/06